United States District Court
Southern District of Texas
**ENTERED**
January 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Rodolfo Torres, § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action H-19-3730 |
| § | |
| State Farm Lloyds, § | |
|    Defendant. § | |

# Memorandum and Recommendation

Torres sued State Farm Lloyds in the 152nd District Court of Harris County, Texas. (D.E. 1.) State Farm Lloyds timely removed the case to federal court based on diversity jurisdiction. *Id.*

Pending before the court is Torres's motion to remand (D.E. 6) and State Farm Lloyd's Response. (D.E. 10.) The court recommends that Torres's motion to remand be denied.

## 1. Law

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily determined on the basis of "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To make such a showing of legal certainty, Texas plaintiffs must file a binding stipulation or affidavit with the original state petition. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("[I]n Texas—'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'"). A stipulation filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952, at *4 (5th Cir. 1996) (unpublished).

2. *Analysis*

The parties do not dispute that they are citizens of different states. The sole issue is whether the amount in controversy exceeds $75,000.

Torres's original state petition states that he seeks over $200,000, but not more than $1,000,000 in damages. (D.E. 1-3 at 5.) Therefore, the amount in controversy well exceeds $75,000 on the face of the petition.

Torres argues that his action should be remanded based on his pre-suit demand letter and post-removal stipulation, which promised that he would not seek damages more than $75,000. (D.E. 6 at 1.) Torres's argument is meritless. "The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Torres has not shown why the amount in controversy should not be based on his state petition, which he filed after sending the pre-suit letter. Based on the original state petition, the amount in controversy was at least $200,000 at the time of removal.

In any case, Torres's pre-suit letter demanded State Farm Lloyds pay him $43,472.54, including compensation for more than

$40,500 of actual damages.[1] (D.E. 6-1.) Treble damages alone would amount to $121,500. Thus, based on either the pre-suit letter or the original state petition, the amount in controversy well exceeds $75,000.

Because State Farm Lloyds has shown that the amount in controversy exceeds $75,000, Torres's motion to remand must be denied unless he shows it is legally certain that his recovery will not exceed $75,000. *De Aguilar*, 47 F.3d at 1412. Torres has not made that showing because he did not file a binding stipulation or affidavit with his original state petition. *See St. Paul Reinsurance*, 134 F.3d at 1254 n.18.

Torres's statements in the demand letter and the post-removal stipulation that he will not seek more than $75,000 in damages are irrelevant. A mere promise in a demand letter is non-binding. Torres's stipulation that damages will not exceed $75,000 was executed after the removal to federal court. (D.E. 6-2.) A post-removal stipulation has no effect for purposes of determining the amount in controversy. *St. Paul Mercury*, 303 U.S. at 292. Therefore, Torres has not shown that it is legally certain that his recovery will not exceed $75,000.

*3. Conclusion*

The court recommends that Torres's motion to remand be denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140,

---

[1] Torres demanded a total amount of $43,472.54, which he represented as including actual damages, attorney fees of $1,950, and other related expenses of $1,000. (D.E. 6-1 at 2.) The total demand less attorney fees and expenses was therefore $40,522.54.

3

147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 17, 2020.

_____
Peter Bray
United States Magistrate Judge