Case 4:19-cv-03730   Document 23   Filed on 06/28/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
June 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Rodolfo Torres, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-19-3730 |
| | § | |
| State Farm Lloyds, | § | |
|    Defendant. | § | |

# Report and Recommendation

Rodolfo Torres filed this insurance action against State Farm Lloyds (State Farm) alleging that, after Hurricane Harvey in 2017, State Farm conducted a substandard investigation of his storm damage claim and undervalued the loss. (D.E. 1-3 at 5.) Torres claims that State Farm breached the insurance contract and committed several statutory violations. State Farm moves for summary judgment on all claims. (D.E. 18.) The court recommends that the motion be granted.

## 1. Background

Torres's home was insured by State Farm on the day Hurricane Harvey damaged it. The deductible was $5,610. He submitted a claim for storm damage on August 30, 2017. State Farm inspected the property on September 22, 2017, and determined that the actual cash value of the covered loss was $3,807.97. Because the covered loss fell below the deductible, on September 26, 2017, State Farm issued a letter notifying Torres that no payment would be issued under the policy. Unsatisfied with that result, Torres demanded by letter that State Farm pay $43,472.54 to settle the claim, in response to which State Farm again inspected the property. The second inspection found additional storm damage, but the actual cash value was still below the deductible. State Farm again notified Torres by letter that no payment would be issued.

On February 22, 2019, Torres invoked the appraisal provision of the insurance policy. While the appraisal process was underway, Torres filed suit in Harris County, Texas, on August 23, 2019. State Farm removed the case to federal court on September 27, 2019. Just days later, on October 2, 2019, the appraisers notified State Farm that the actual cash value of the loss was $5,075.94. Because the award was less than the deductible, State Farm did not issue a payment to Torres.

In its summary judgment motion, State Farm argues that, because it followed the appraisal procedure under the policy and owed nothing to Torres because the appraisal award was less than the deductible, it is not in breach of the policy. State Farm further argues that there is no basis in the law to hold it liable for any statutory violation. Specifically, it is not liable under the Texas Prompt Payment of Claims Act because it owed no payment.

Torres's response to the summary judgment motion is puzzling. First, Torres confuses the parties and refers to the defendant as "Liberty Insurance Corporation." Torres also cites Texas law for the summary judgment standard, as opposed to Federal Rule of Civil Procedure 56. Finally, Torres, without citing any evidence or any part of the record, states that the insurance company issued a payment to Torres in the amount determined by the appraisers. There is no evidence of this. The record is clear that no payment was issued. Torres's response to the summary judgment motion presents no evidence. There are no expert reports, no declarations, no deposition transcripts, and no documents of any kind. What is attached is an order issued in another case in state court denying another summary judgment motion, presumably under Texas summary judgment standards. Also attached is the briefing in that other case leading to the denial of summary judgment.

2. *Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v.*

2

*Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

3. Analysis

### A. Breach of Contract

State Farm argues that it did not breach the insurance contract because it followed the appraisal process required by the insurance contract and never owed Torres a duty to remit any payment under the policy. Torres argues that State Farm is liable for breach of contract by "attempt[ing] to grossly undervalue the damage to the Property following the loss."

In this case, the appraisal award was less than the deductible, so no payment was due to the insured under the contract. Torres makes no attempt to explain how there could be a breach of contract if State Farm paid exactly what it owed under the contract. Moreover, the appraisal process is part of the insurance contract. "Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, [the insurer] complied with its

3

obligations under the contract." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 133 (Tex. 2019). Thus, the law in Texas is "that an insurer's payment of an appraisal award in the face of . . . allegations of pre-appraisal underpayment forecloses liability on a breach of contract claim." *Id.* at 132 (collecting cases).

Because Torres's argument focuses on State Farm's initial decision to deny the claim, it fits squarely within the bar under Texas law against breach of contract claims based on pre-appraisal underpayment. *See Ortiz*, 589 S.W.3d at 132. Moreover, there is no evidence that State Farm "grossly undervalued" the claim. State Farm's initial estimate of the actual cash value of the loss was $3,807, and the appraisers found that it was $5,075, both of which are well below the deductible. Torres presents no evidence of the actual cash value of the damage to his home. There is no evidence that State Farm owed any money to Torres under the contract. The undisputed evidence in the summary judgment record demonstrates there was no breach of contract and State Farm is entitled to summary judgment.

### B. Bad Faith and Fraud

The Texas Insurance Code allows a private right of action for damages for a person who sustains actual damages because of an insurer's unfair method of competition or deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.151 (West 2011). The statute allows recovery of "actual damages, plus court costs and reasonable and necessary attorney's fees" and, if the insurer acted knowingly, up to "three times the amount of actual damages." Tex. Ins. Code § 541.152; *Ortiz*, 589 S.W.3d at 134. A litigant must prevail on the claim and recover actual damages to be entitled to attorney's fees and an additional award up to three times the amount of the damages. *Ortiz*, 589 S.W.3d at 135.

Torres has already received all the benefits to which he is entitled under the insurance contract – that is, nothing. There is no evidence that he was damaged outside of his claim to entitlement to benefits under the policy. Because Torres offers no evidence of actual damages independent of policy benefits, which were decided by

4

appraisal and below the deductible, he may not pursue his bad faith claims. *See Perry v. United Servs. Auto. Assoc.*, 602 S.W.3d 915, 917 n.2 (Tex. 2020) (citing *Ortiz*, 589 S.W.3d at 135).

The notion that State Farm committed some kind of fraud is not supported by the record or the evidence.

### C. Texas Prompt Payment of Claims Act

"The TPPCA establishes a number of deadlines for insurance companies to process claims and penalizes a failure to meet its deadlines by assessing interest on the claim at the rate of eighteen percent per annum and the payment of the insured's attorney's fees." *Crayton v. Homeowners of Am. Ins. Co.*, No. 02-20-00037-CV, 2020 WL 7639582, at *4 (Tex. App.—Fort Worth Dec. 23, 2020, no pet.) (citing Tex. Ins. Code §§ 542.051–542.061). A TPPCA claim requires proof: "(1) [of] a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of [the TPPCA] with respect to the claim." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 824 (Tex. 2019) (quoting *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001), *judgment withdrawn and superseded on reh'g by* No. 00-0282, 2001 WL 1412951 (Tex. June 21, 2001)).

Torres has presented no evidence to demonstrate that State Farm violated the statute's deadlines. Nor has Torres shown that State Farm owes him any payment. State Farm cannot be liable for failing to promptly pay a claim when it does not owe policy benefits to Torres. State Farm is entitled to summary judgment.

### 4. Conclusion

Because Torres fails to produce evidence demonstrating a genuine dispute of material fact on any of his claims, the court recommends that State Farm's motion for summary judgment be granted.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 28, 2021.

_____
Peter Bray
United States Magistrate Judge